# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROBERTS,<br><br>       Plaintiff,<br><br>  v.<br><br>J. CLINGERMAN, et al.,<br><br>       Defendants. | Case No. 1:18-cv-01437-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING ACTION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES<br><br>(ECF Nos. 1, 8, 9)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Juan Roberts ("Plaintiff"), a state prisoner, is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's complaint, filed on October 17, 2018. (ECF No. 1.)

## I.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## II.

## COMPLAINT ALLEGATIONS

The Court accepts Plaintiff's allegations in the complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

On October 31, 2017, Plaintiff, along with other inmates, was strip-searched and removed from his housing unit to the recreation yard. (Compl. 3,[1] ECF No. 1.) Some other inmates became involved in an incident and all inmates were ordered to prone out on the ground. (Id.) Plaintiff was not involved in the incident and proned out as ordered. (Id.) The inmates involved in the altercation were removed from the yard, but Plaintiff and the other inmates were left proned out on the yard for hours. (Id.)

Plaintiff needed to urinate and asked to be escorted to the toilet but was ignored. (Id. at 4.) Plaintiff did not want to urinate on himself so he got up to urinate through the fence. (Id.) As Plaintiff began to urinate, he was shot in the leg. (Id.) He grabbed his leg in pain and heard the officer with the 40-mm launcher gun yell and fire a second round. (Id.) Plaintiff fell to the ground and laid there until a wheelchair was brought to remove him from the yard. (Id.)

Plaintiff was treated for his injury and then informed that he was being sent to administrative segregation for assault on staff. (Id.) He later received a rule violation disciplinary report in which Correctional Officer Clingerman alleged that Plaintiff had lunged at him and he was charged with an attempted assault. (Id.) Plaintiff brings this action against Correctional Officer J. Clingerman, Acting Warden M. Sexton, Lieutenant F. Carreon, Sergeant E. Magallaness, and Correctional Officer V. Bustos alleging cruel and unusual punishment in violation of the Eighth Amendment, violations of due process and equal protection based on the allegedly falsified disciplinary reports and failure to investigate. Plaintiff seeks appointment of counsel, monetary damages, restoration of his good time credits, expungement of the false rule violation reports from his central file, and that the Court order that he take a lie detector test. (Compl. 7-8.)

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

Plaintiff also filed exhibits to his complaint which include his inmate appeals of the incidents alleged in his complaint.  (ECF No. 8.)  Plaintiff also filed a notice regarding the exhibits on November 30, 2018.  (ECF No. 9.)  In the notice, Plaintiff states that the exhibits are his attempt to exhaust administrative remedies and show that his administrative remedies were exhausted on November 2, 2018, when his appeal was denied at the third level.  (Id.)  Plaintiff includes his appeal of the cancellation of his inmate appeal.  (ECF No. 9.)

## III.

## DISCUSSION

In this instance, the Court considers the exhibits Plaintiff submitted on November 19, 2018, and finds that Plaintiff filed this action prior to exhausting his administrative remedies and this action must be dismissed without prejudice.

### A.    Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are required to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).  Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face.  Jones, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by

1  <u>Albino</u>, 747 F.3d at 1166.

2      In California, a prison inmate satisfies the administrative exhaustion requirement by

3  following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the California

4  Code of Regulations.   An inmate "may appeal any policy, decision, action, condition, or

5  omission by the department or its staff that the inmate . . . can demonstrate as having a material

6  adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

7  The regulations require the prisoner to proceed through all three levels of review.  <u>See</u> Cal. Code

8  Regs. tit. 15, § 3084.2(a).  A decision at the third level of review, known as the director's level of

9  review, is not appealable and constitutes the final level of administrative review.  <u>Id.</u>

10      **B.    Analysis**

11      As noted above, Plaintiff filed documents related to exhaustion.  Plaintiff includes a

12  memorandum of points and authorities in which he states that it was taking too long for his

13  appeal to be completed so he wrote to the appeals office and received an appeal printout showing

14  that his appeal was pending on June 18, 2018 and then received a letter stating that it was being

15  cancelled on June 21, 2018.  (ECF No. 8 at 5.)  Plaintiff appealed the cancellation, rejection but

16  had not received a response as of September 19, 2018.  (<u>Id.</u>)

17      Plaintiff also included an Appeal No COR-17-06665, dated December 26, 2017, in which

18  Plaintiff appealed the rules violation and being placed in solitary confinement.  (<u>Id.</u> at 20.)  The

19  rules violation report is attached and alleges that on October 31, 2017, Plaintiff was given a

20  lawful order to get down and refused to comply.  (<u>Id.</u> at 22.)  Correctional Officer Clingerman

21  stated that Plaintiff took an aggressive step in the officer's direction and the officer discharged an

22  impact round from his 40-mm launcher, striking Plaintiff in the shin area.  (<u>Id.</u>)  Plaintiff did not

23  get down and a second round was fired and Plaintiff complied by getting down.  (<u>Id.</u>)

24      The inmate appeal form states that Plaintiff's Appeal No. COR 17-6665 was received and

25  sent for a second level response.  (<u>Id.</u> at 21.)  The appeal was granted in part and Plaintiff,

26  dissatisfied with the response, submitted the appeal to the third level of review.  (Id.)  On June

27  21, 2018, Plaintiff's appeal was cancelled at the third level.  (<u>Id.</u>)

28      Plaintiff attaches the June 21, 2018 cancellation letter.  (<u>Id.</u> at 10.)  The third level

response states that the appeal was cancelled because Plaintiff's second level review was sent to Plaintiff on February 27, 2018, however, Plaintiff's appeal at the third level was not received until April 2, 2018, beyond the time for Plaintiff to seek review. (Id.) Plaintiff was informed that he must appeal any cancellation of the third level decision to the third level appeals chief. (Id.) The letter is signed by M. Voong, Chief of the Office of Appeals. (Id.)

On June 2018, Plaintiff appealed the cancellation of Appeal No. COR 17-06665. (Id. at 6.) On November 15, 2018, Plaintiff stated that as of November 2, 2018, the third level of review was completed and he has now exhausted all administrative remedies. (Id. at 1.) Plaintiff attaches the third level appeal decision, dated November 2, 2018, and signed by Appeals Examiner K. Z. Allen and Chief M. Voong. (ECF No. 9 at 2-3.) The letter states that it relates to Plaintiff's position that the Office of Appeals erroneously cancelled Appeal No. COR 17-06665. (Id. at 2.) The appeal was denied and Plaintiff was advised that this exhausted his administrative remedies with the California Department of Corrections. (Id. at 2-3.)

The PLRA requires "proper exhaustion" of all available administrative remedies. Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Whether an inmate's grievance satisfies the PLRA's exhaustion requirement is determined by the prison's own grievance process. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). The filing of an untimely or otherwise procedurally defective administrative grievance or appeal is not proper exhaustion. See Woodford, 548 U.S. at 83-84.

Based on the documents provided, Plaintiff's Appeal No. COR 17-06665 was cancelled as being untimely filed at the third level of review. Therefore, Plaintiff did not exhaust his administrative remedies and was required to appeal the cancellation prior to filing this action. While Plaintiff did appeal the cancellation of his appeal, the decision was not final until November 2, 2018. (See ECF No. 9 at 2-3.) However, Plaintiff filed this action on October 17, 2018, approximately two weeks prior to exhausting his administrative remedies.

Based on the foregoing, Plaintiff's failure to exhaust his available administrative

remedies prior to filing suit is clear from the face of his complaint.  Plaintiff has shown that he received a second level response on a grievance related to the alleged facts in this case and submitted an appeal to the third level of review.  However, he has submitted documents that confirm he did not receive a decision at the third level because his third level appeal was cancelled as being untimely filed.  Further, Plaintiff has submitted documents showing that his appeal of the cancellation was not received at the time that the complaint was filed and his administrative remedies were exhausted on November 2, 2018, two weeks after this action was filed.

Therefore, this action must be dismissed, without prejudice.  Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (prisoners may not pursue non-exhausted claims) (citing McKinney, 311 F.3d at 1199).  Dismissal of the complaint is appropriate when there has not been exhaustion of administrative remedies prior to the action being filed, "even if there is exhaustion while suit is pending."  Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) (citing McKinney, 311 F.3d at 1200).

**IV.**

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, it is clear from Plaintiff's complaint that he did not exhaust his available administrative remedies prior to filing this action as required by the PLRA.  Therefore, this action must be dismissed for failure to exhaust.

Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for the failure to exhaust available administrative remedies.

This findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this findings and recommendation, Plaintiff may file written objections

with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**January 3, 2019**__                    _____

                                                    UNITED STATES MAGISTRATE JUDGE